IN THE SUPREME COURT OF THE STATE OF MONTANA

IN THE MATTER OF THE PROPOSED ORDER ESTABLISHING STANDARDS FOR COMPETENCY OF COUNSEL APPOINTED TO REPRESENT INDIGENT PERSONS IN PROCEEDINGS UNDER TITLE 46, CHAPTER 2 1, WHO ARE SENTENCED TO DEATH )
)
)
)
)
)

No. 97-326

IN THE MATTER OF THE PROPOSED ORDER ESTABLISHING STANDARDS FOR COMPETENCY OF TRIAL AND APPELLATE COUNSEL APPOINTED TO REPRESENT INDIGENT PERSONS IN CAPITAL CASES )
)
)
)
)
)
)

No. 97-714

FILED

JUN 29 1999

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

ORDER

On December 30, 1998, this Court issued an Order granting the bench and bar of this State, and any other interested persons, 90 days to prepare and file with the Clerk of this Court written comments, suggestions, or criticisms of the Proposed Standards for Competency of Counsel for Indigent Persons in Death Penalty Cases. Said comment period having expired and this Court having deemed this matter submitted for final determination, we now adopt these standards. Therefore,

IT IS ORDERED that the attached Standards for Competency of Counsel for Indigent Persons in Death Penalty Cases shall be effective for appointments of counsel from and after January 1, 2000.

IT IS FURTHER ORDERED that the Clerk of this Court provide copies of this Order, together with a copy of the attached standards, to each of the Clerks of the District Courts of the State of Montana, to each of the District Judges of the State of Montana, to each member of the Proposed Standards Committee and to the State Bar of Montana, with the request that a copy of this Order and the attached standards be published in the next possible issue of the *Montana Lawyer*.

DATED this **29**[th] day of June, 1999.

_J. A. Turnage_
Chief    Justice

_[signature]_

_Jim Regnier_

_Terry Trieweiler_

_Karla M. Gray_

_W. William Leaphart_

_William E. Hunt_
Justices

# STANDARDS FOR COMPETENCY OF COUNSEL FOR INDIGENT PERSONS IN DEATH PENALTY CASES

---

## I  TRIAL  PHASE

1.          a.     In any case in which death is a potential punishment, the prosecutor shall file with the district court, within 60 days after arraignment, a statement indicating whether the prosecutor believes that sufficient evidence exists to establish by the appropriate standard of proof one or more of the statutory aggravating factors necessary to impose the death penalty under Montana law, and whether the prosecutor intends to seek the death penalty upon a conviction in the case.

          b.     The prosecutor shall not identify in the notice the aggravating factor or factors believed to be present or the evidence on which the prosecutor will rely to prove an aggravating factor, but upon request by the defense the prosecutor shall identify to defense counsel the aggravating factor(s) the prosecutor believes are present and the evidence supporting the existence of the aggravating factor(s).

          c.     The prosecutor may withdraw the notice provided in this standard at any time.

          d.     If the prosecutor does not indicate a belief that the death penalty may be appropriate in a notice filed within 60 days after arraignment as provided by this standard, but later acquires evidence that, together with any other evidence, leads the prosecutor to conclude that sufficient evidence exists to establish, to the appropriate standard of proof, one or more of the statutory aggravating factors necessary to impose the death penalty upon a conviction in the case, the prosecutor may file the notice provided in this section, only with leave of the district court, after consideration of the cause for the delay and any prejudice to the defendant.

1

2. Upon establishment of indigency as provided in Title 46, Chapter 8, Part 1, Montana Code Annotated, and identification of a case as one in which the prosecutor believes sufficient evidence exists to show that one or more statutory aggravating factors under § 46-18-303, MCA, can be proved to the appropriate standard of proof, the district court shall appoint two counsel to represent the defendant.

3. In selecting appointed counsel, the district court shall secure sufficient information from counsel to be appointed, either in writing or on the record, to satisfy the district court that counsel possess the following minimum qualifications:

a. Both appointed attorneys must be members in good standing of the State Bar of Montana or admitted to practice before the district court *pro hac vice.*

b. Both counsel must have completed or taught, in the two-year period prior to appointment or within 90 days after the appointment, a continuing legal education course or courses, approved for credit by the appropriate authority under the rules adopted by the Montana Supreme Court, at least 12 hours of which deal with subjects related to the defense of persons accused or convicted of capital crimes.

c. Counsel, either individually or in combination, must have had significant experience within the past 5 years in the trial of criminal cases to conclusion, including a capital case or a case involving charges of or equivalent to deliberate homicide under Montana law.

d. The nature and volume of the workload of both appointed counsel is such that they will have the ability to spend the time necessary to defend a capital case.

e. Counsel are familiar with and have a copy of the current American Bar Association standards. for the defense of capital cases. By adoption of this provision, the Montana Supreme Court does not hold that adherence to the guidelines is required as a condition of providing effective assistance of

counsel, or that failure to adhere to the guidelines gives rise to an inference of ineffective assistance of counsel.

## II  APPEAL  PHASE

1.  If a defendant is sentenced to death and is determined by the district court to be indigent, the district court shall appoint two attorneys to represent the defendant on direct appeal.

2. In selecting appointed counsel for appeal, the district court shall secure sufficient information from counsel to be appointed, either in writing or on the record, to satisfy the district court that counsel possess sufficient appellate experience to provide adequate representation to the defendant on appeal and the following minimum qualifications:

a. Both appointed attorneys, must be members in good standing of the State Bar of Montana or admitted to practice before the district court *pro hac vice.*

b. Both counsel must have completed or taught, in the two-year period prior to appointment or within 90 days after the appointment, a continuing legal education course or courses, approved for credit by the appropriate authority under the rules adopted by the Montana Supreme Court, at least 12 hours of which deal with subjects related to the defense of persons accused or convicted of capital crimes.

c. Counsel, either individually or in combination, must have had significant experience within the past 5 years in the appeal of criminal cases, including a capital case or a case involving charges of or equivalent to deliberate homicide under Montana law.

d. The nature and volume of the workload of both appointed counsel is such that they will have the ability to spend the time necessary to appeal a capital case.

e. Counsel are familiar with and have a copy of the current American Bar Association standards for the defense of capital cases.  By adoption of this

3

provision, the Montana Supreme Court does not hold that adherence to the guidelines is required as a condition of providing effective assistance of counsel, or that failure to adhere to the guidelines gives rise to an inference of ineffective assistance of counsel.

## III  POSTCONVICTION  PHASE

The following standards shall apply to counsel appointed by the district court to represent indigent petitioners in postconviction proceedings under Title 46, Chapter 21, who are sentenced to death.

1. The district court shall follow the procedure set forth in § 46-21-201, MCA, in appointing counsel in state postconviction cases.

2. The district court shall appoint two counsel. One of the appointed counsel may be an attorney who has been admitted *pro hac* vice. Lead counsel shall satisfy all of the following:

> a. He or she must be an active member in good standing of the Montana State Bar or be admitted *pro hac* vice.

> b. He or she must have at least 5 years criminal trial, criminal appellate, or state or federal postconviction experience, which experience may have been obtained in Montana or in another jurisdiction.

> c. He or she must have completed or taught, in the two-year period prior to appointment or within 90 days after the appointment, a continuing legal education course or courses, approved for credit by the appropriate authority under the rules adopted by the Montana Supreme Court, at least 12 hours of which deal with subjects related to the defense of persons accused or convicted of capital crimes.

3. In addition, the appointed counsel, either individually or in combination, shall have the following qualifications obtained in Montana or another jurisdiction:

> a. Experience as counsel for either the defendant or the state in the trial of one deliberate homicide case;

4

b. Experience as counsel for either the defendant or the state in the trial of three felony cases;

c. Experience as counsel for either the defendant or the state in the direct appeal of three felony convictions; and

d. Experience as counsel for either the petitioner or the state in three cases involving claims for state postconviction or federal habeas corpus review.

4. As used in this Order, "trial" means a case concluded with a judgment of acquittal under § 46-18-102(2), MCA, or submission to the trial court or jury for decision and verdict.

## IV  EFFECT OF FAILURE TO ADHERE TO STANDARDS

No error or omission in the procedure outlined in the trial or appellate standards shall constitute a ground for relief from a conviction or sentence unless the defendant shows that the standards were not followed in a material way and that counsel's performance fell so far below the standard of reasonably effective counsel, and was sufficiently prejudicial to the defense of the defendant, as to constitute a denial of effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution or Article II, Section 24 of the Montana Constitution. *See **Strickland v.** Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

Pursuant to § 46-21-201(3)(f), MCA, any failure to adhere to the standards for appointment of postconviction counsel may not serve as a basis for a claim for postconviction relief.

## V  REGISTRY OF COUNSEL AVAILABLE FOR APPOINTMENT

1. For the convenience of the district courts, the Clerk of the Supreme Court shall maintain a registry of counsel who are qualified under these standards, who are available for appointment in capital cases in one or more of the phases referred to, and who desire to have their names and pertinent data included in this registry. Qualified counsel wishing to be included in this registry shall submit to the Clerk in writing counsel's name, address and

phone number; along with a current resume, *curriculum* vitae and statement of qualifications; pertinent legal education courses, training, experience in other capital cases or cases involving charges of or equivalent to deliberate homicide under Montana law; the courts and jurisdictions in which counsel is admitted to practice and is in good standing; and the phase or phases for which counsel is qualified for appointment. Counsel are encouraged to update this data from time to time. For efficiency and convenience, the Clerk may prescribe the use of a form or forms for purposes of marshaling this data and maintaining this registry.

2. On request of a district court, the Clerk shall make available to the district court so much of the data in the registry as the district court may require, provided that the Clerk may charge to the district court the reasonable costs of photocopying and mailing or faxing such data.

3. Nothing herein shall be deemed to require the Clerk to independently seek, solicit, gather, update or verify the accuracy or currency of names of and data pertaining to counsel to be included in, furnished for or maintained in this registry. It shall be the sole duty of the appointing district court to secure sufficient information from counsel to be appointed to satisfy the district court that counsel possesses the minimum qualifications required by these standards.